Filed 7/21/15  In re Z.S.J. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Z.S.J. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B260649 (Super. Ct. Nos. J069093, J069094) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY J.,<br><br>    Defendant and Appellant. | |

Gregory J. (Father) appeals orders of the juvenile court denying his modification petition, declaring that his two minor sons, Z.S.J. and Z.M.J., are adoptable, and terminating his parental rights.  (Welf. & Inst. Code, §§ 388, 366.26, subd. (c)(1).)[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

Mother and Father have two minor sons under eight years of age.  Mother suffers from schizophrenia and receives treatment and medication for her illness.  Father

_____

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

suffers from alcohol abuse, bipolar disorder, and longstanding anger issues. On November 18, 2010, Father received sole legal and physical custody of the children, with visitation rights to Mother. Mother then lived in Colorado with her father. Her mental health had deteriorated, however, and she had not visited the children for nearly one year.

On October 26, 2012, the Ventura County Human Services Agency (HSA) detained the children after Father argued with a neighbor and enlisted the children in flooding the neighbor's home with a garden hose. When HSA arrived, the children were naked, dirty, and hungry. Father was under the influence of alcohol at the time and subsequently was arrested for child endangerment.

HSA filed a dependency petition pursuant to section 300, subdivisions (b) and (g). On October 31, 2012, the juvenile court detained the children and placed them in the temporary custody and care of HSA. On January 31, 2013, following a hearing, the court sustained the section 300, subdivision (b) allegations of the dependency petition and ordered HSA to provide family reunification services to Mother and Father.

During the reunification services period, Father had aggressive outbursts with HSA staff when he visited his children. Father also ceased drug-testing and resumed consuming alcohol. During one visit with his children, Father "grabbed" and "physically shook" a case aide who was supervising the visit. The juvenile court later issued a permanent restraining order against Father concerning the case aide.

On October 30, 2013, HSA filed a section 388 petition to terminate Father's reunification services and visits with the children. Following a hearing on November 26, 2013, the juvenile court terminated Father's services and visits. At the contested 12-month review hearing on April 24, 2014, the court terminated Mother's reunification services and visits due to her insufficient progress with the case plan. Neither parent had benefitted from their reunification services plans and Mother had permitted Father to have unsupervised visits with the children, despite orders otherwise. The court set the matter for a permanent plan hearing pursuant to section 366.26.

2

Mother then filed a petition for an extraordinary writ, challenging the orders terminating reunification services and setting a permanent plan hearing. We concluded that the juvenile court did not abuse its discretion when it terminated services, and we denied the petition. (*K.J. v. Superior Court* (Sept. 3, 2014, B255895) [nonpub. opn.].)

On August 22, 2014, HSA filed another request for a restraining order due to Father's threats to HSA employees. The juvenile court subsequently granted a permanent restraining order precluding Father from contacting social workers, county counsel, his two children, and the foster parents. On October 20, 2014, HSA filed a request for another restraining order due to Father's threats to an HSA program manager. Father stated that the program manager should consider "shooting [himself] in the head" in the event he (Father) or the children are hurt when he "grab[s]" the children. The court also granted this request for a permanent restraining order.

*Father's Modification Petition*

On September 26, 2014, Father filed a modification petition requesting the return of his children. Father stated that the juvenile court's orders have proven true his earlier statements that the judge is "a Nazi" and HSA employees are "State funded kidnapers." Father attached 40 pages of documents to his petition and stated: "It is clear that after almost 3 years [HSA] has no clue of what they do to famil[ies] [and] they have chosen to put [their] snibbles and lies and try to cover child abuse placing my children at risk." The attachments included family photographs and a letter written to the judge stating that a television crew was filming the dependency, and that Father had made a music video with a swastika over the judge's face. Father closed the letter by stating that if his children were not returned to him, the judge would be "battling something way bigger."

The juvenile court set the modification petition for a hearing. The notice of hearing states: "The court has made no finding that a prima facie showing has been

3

made.  The hearing will first address whether a change of circumstance has been shown."

*Permanent Plan Hearing*

On December 4, 2014, the juvenile court held a combined modification hearing and permanent plan hearing.  The court received evidence of HSA written reports and memorandums, the court's prior findings and orders, and a letter from Mother.  Father, Mother, Mother's adult daughter, and an HSA social worker testified. Following argument by the parties, the court found by clear and convincing evidence that the children are adoptable, and it terminated parental rights.  (§ 366.26, subd. (c)(1).)  The court also found that Father did not establish a prima facie case of changed circumstances or that a return of the children to him would be in the children's best interests.  It then denied Father's modification petition.

Father appeals the order of the juvenile court summarily denying his modification petition filed pursuant to section 388.

*DISCUSSION*

Father contends that his modification petition, liberally construed, sets forth a prima facie case of changed circumstances or new evidence, and that the return of his children is in their best interests.  He points out that he has not harmed his children and that they enjoy being with him.  Father argues that summary denial of his petition denied him due process of law.

Section 388 provides that any interested person may petition for modification of an order in a dependency proceeding upon a showing of changed circumstances.  Subdivision (d) of that section requires the court to order a hearing "[i]f it appears that the best interests of the child . . . may be promoted by the proposed change of order . . . ."  A parent seeking modification of an order has the burden of making a prima facie showing that the proposed modification will be in the child's best interest.  (*In re Marcelo B.* (2012) 209 Cal.App.4th 635, 641-642.)  "'There are two parts to the prima facie showing:  The parent must demonstrate (1) a genuine change of

4

circumstances or new evidence, and that (2) revoking the previous order would be in the best interests of the [child].'" (*In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1079.) If a petition does not show sufficient change of circumstances or new evidence showing that it would be in the best interests of the child to modify the order setting the section 366.26 hearing, the petition may be denied without an evidentiary hearing. (Cal. Rules of Court, rule 5.570(d); *Marcelo B.*, at p. 642 [statement of general rule]; *In re Lesly G.* (2008) 162 Cal.App.4th 904, 912 [same].) We review the juvenile court's summary denial of a section 388 petition for an abuse of discretion. (*Marcelo B.*, at p. 642.)

The juvenile court properly determined that Father's modification petition did not establish a prima facie showing of changed circumstances and that a return of the children to Father's custody was in the children's best interests. Father suffers from continuing alcohol abuse and significant and unabated mental health problems. HSA obtained three restraining orders against Father based upon his assaultive and threatening behavior against HSA employees. In his modification petition, Father described the juvenile court judge as a "Nazi" and HSA as "State funded kidnappers." Prior to the permanent plan hearing, Father had been incarcerated for making terrorist threats against HSA employees. The court did not abuse its discretion by denying the petition without first holding an evidentiary hearing.

Moreover, the juvenile court merely set Father's modification petition on calendar for argument concerning whether Father met the prima facie evidence threshold. The stamped wording on the calendar notice notified Father that the court had not yet found the requisite showing and that the noticed hearing would address whether a change of circumstances had been established. The juvenile court judge also orally informed Father that the stamped notice indicates there was "no finding that a prima facie showing has been made." (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1159 ["the juvenile court here explained at the first opportunity that the form order was not intended to be a ruling that mother had made a prima facie case and was entitled to an

5

evidentiary hearing"].)  Denial of Father's modification petition without an evidentiary hearing was not an abuse of discretion and did not deny Father process of law.

The orders are affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Leroy Smith, County Counsel, Linda Stevenson, Assistant County Counsel, for Plaintiff and Respondent.